**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TROY BENAVIDEZ, as Personal
Representative of the Estate of Rick
Benavidez, Deceased,

     Plaintiff,

v.                                No.  1:25-cv-01147-DHU-KRS

THE UNITED STATES OF AMERICA,
CORECIVIC, INC., JOHN DOES 1-5, in
their individual capacities,
MANAGEMENT AND TRAINING
CORP., and JOHN DOES, 5-10, in their
individual capacities,

     Defendants.

## <u>DEFENDANT MTC'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT [DOC. 1]</u>

Defendant Management & Training Corporation ("MTC"), by and through its attorneys, Sutin, Thayer & Browne A Professional Corporation (Christina Muscarella Gooch and Rebekah S. Taylor) hereby Answers Plaintiff's Complaint for Damages Under the Federal Tort Claims Act, for Constitutional Violations Under 42 U.S.C. § 1983, and for Negligence Under State Law [Doc. 1] (the "Complaint") as follows:

### <u>JURISDICTION AND VENUE</u>

1.     Paragraph 1 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC is without sufficient information to admit or deny whether the Court has exclusive jurisdiction and discretion to exercise supplemental jurisdiction and, therefore, denies the same.

2.     Paragraph 2 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 2.

## PARTIES

3.    In response to the allegations contained in Paragraph 3 of the Complaint, MTC is without sufficient information to admit or deny the allegations contained in Paragraph 3 and, therefore, denies the same.

4.    Paragraph 4 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies any factual allegations in Paragraph 4.

5.    In response to the allegations contained in Paragraph 5 of the Complaint, MTC is without sufficient information to admit or deny the allegations contained in Paragraph 5 and, therefore, denies the same.

6.    In response to the allegations contained in Paragraph 6 of the Complaint, MTC admits that MTC operates Otero County Prison Facility in Chaparral, New Mexico, but denies the remaining allegations in Paragraph 6 of the Complaint.

## FACTUAL BASIS

7.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 7 and, therefore, denies the same.

8.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 8 and, therefore, denies the same.

9.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 9 and, therefore, denies the same.

10.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 10 and, therefore, denies the same.

11.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 11 and, therefore, denies the same.

12.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 12 and, therefore, denies the same.

13.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 13 and, therefore, denies the same.

14.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 14 and, therefore, denies the same.

15.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 15 and, therefore, denies the same.

16.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 16 and, therefore, denies the same.

17.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 17 and, therefore, denies the same.

18.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 18 and, therefore, denies the same.

19.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 19 and, therefore, denies the same.

20.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 20 and, therefore, denies the same.

21.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 21 and, therefore, denies the same.

22.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 22 and, therefore, denies the same.

23. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 23 and, therefore, denies the same.

24. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 24 and, therefore, denies the same.

25. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 25 and, therefore, denies the same.

26. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 26 and, therefore, denies the same.

27. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 27 and, therefore, denies the same.

28. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 28 and, therefore, denies the same.

29. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 29 and, therefore, denies the same.

30. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 30 and, therefore, denies the same.

31. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 31 and, therefore, denies the same.

32. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 32 and, therefore, denies the same.

33. MTC is without sufficient information to admit or deny the allegations contained in Paragraph 33 and, therefore, denies the same.

34.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 34 and, therefore, denies the same.

35.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 35 and, therefore, denies the same.

36.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 36 and, therefore, denies the same.

37.    In response to the allegations contained in Paragraph 37 of the Complaint, MTC admits that Rick Benavidez was housed at Otero County Prison Facility in Chaparral, New Mexico for a period of time, but is without sufficient information to admit or deny the remaining allegations in Paragraph 37 of the Complaint and therefore, denies the same.

38.    In response to the allegations contained in Paragraph 38 of the Complaint, MTC admits that Rick Benavidez was evaluated upon intake at OCPF on or about November 14, 2022, but is without sufficient information to admit or deny the allegations contained in Paragraph 38 and, therefore, denies the same.

39.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 39 and, therefore, denies the same.

40.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 40 and, therefore, denies the same.

41.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 41 and, therefore, denies the same.

42.    MTC is without sufficient information to admit or deny the allegations contained in Paragraph 42 and, therefore, denies the same.

43.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 43 and, therefore, denies the same.

44.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 44 and, therefore, denies the same.

45.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 45 and, therefore, denies the same.

46.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 46 and, therefore, denies the same.

47.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 47 and, therefore, denies the same.

48.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 48 and, therefore, denies the same.

49.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 49 and, therefore, denies the same.

50.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 50 and, therefore, denies the same.

51.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 51 and, therefore, denies the same.

52.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 52 and, therefore, denies the same.

53.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 53 and, therefore, denies the same.

54.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 54 and, therefore, denies the same.

55.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 55 and, therefore, denies the same.

56.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 56 and, therefore, denies the same.

57.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 57 and, therefore, denies the same.

58.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 58 and, therefore, denies the same.

59.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 59 and, therefore, denies the same.

60.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 60 and, therefore, denies the same.

61.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 61 and, therefore, denies the same.

62.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 62 and, therefore, denies the same.

63.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 63 and, therefore, denies the same.

64.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 64 and, therefore, denies the same.

65.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 65 and, therefore, denies the same.

66.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 66 and, therefore, denies the same.

67.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 67 and, therefore, denies the same.

68.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 68 and, therefore, denies the same.

69.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 69 and, therefore, denies the same.

70.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 70 and, therefore, denies the same.

71.     MTC is without sufficient information to admit or deny the allegations contained in Paragraph 71 and, therefore, denies the same.

<u>**CLAIM – COUNT 1**</u>
<u>**MEDICAL NEGLIGENCE AND WRONGFUL DEATH ARISING UNDER THE**</u>
<u>**FEDERAL TORT CLAIMS ACT**</u>

72.     In response to Paragraph 72 of the Complaint, MTC incorporates and restates its answers and denials in all preceding paragraphs above, as if fully set forth herein.

73.     Paragraph 73 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 73.

74.     Paragraph 74 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 74.

8

75.     Paragraph 75 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 75.

76.     Paragraph 76 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 76.

77.     Paragraph 77 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 77.

78.     Paragraph 78 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 78.

79.     Paragraph 79 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 79.

## CLAIM – COUNT 2
### VIOLATIONS OF THE EIGHTH AND/OR FOURTEENTH AMENDMENTS BY DEFENDANT CORECIVIC, INC. AND DOE DEFENDANTS 1-5

80.     In response to Paragraph 80 of the Complaint, MTC incorporates and restates its answers and denials in all preceding paragraphs above, as if fully set forth herein.

81.     Paragraph 81 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 81.

82.     Paragraph 82 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC Defendants deny the allegations in Paragraph 82.

83.     Paragraph 83 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 83.

84.     Paragraph 84 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 84.

85.     Paragraph 85 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 85.

86.     Paragraph 86 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 86.

## CLAIM – COUNT 3
## VIOLATIONS OF THE EIGHTH AND/OR FOURTEENTH AMENDMENTS BY DEFENDANT MTC AND DOE DEFENDANTS 6-10

87.     In response to Paragraph 87 of the Complaint, MTC incorporates and restates its answers and denials in all preceding paragraphs above, as if fully set forth herein.

88.     Paragraph 88 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no responses are required. To the extent any responses are required, MTC denies the allegations in Paragraph 89.

90.     MTC denies the allegations in Paragraph 90.

91.     MTC denies the allegations in Paragraph 91.

92.     MTC denies the allegations in Paragraph 92.

93.     MTC denies the allegations in Paragraph 93. MTC further denies that Plaintiff is entitled to punitive or compensatory damages, or attorneys' fees and costs.

## CLAIM – COUNT 4
## STATE LAW CLAIM FOR PROFESSIONAL NEGLIGENCE AGAINST DEFENDANTS CORECIVIC, MTC, AND DOE DEFENDANTS 1-10

94.     In response to Paragraph 94 of the Complaint, MTC incorporates and restates its answers and denials in all preceding paragraphs above, as if fully set forth herein.

95.     In response to the allegations contained in Paragraph 95 of the Complaint, MTC admits that MTC Defendants had a duty under New Mexico law to provide medical care to Rick

Benavidez when he was within their custody, but denies any allegations contained in Paragraph 95 of the Complaint that claims MTC failed in any way to provide medical care to Rick Benavidez. MTC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 95 and, therefore, denies the same.

96.     MTC denies the allegations contained within Paragraph 96 that pertain to MTC. MTC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 96 and, therefore, denies the same.

97.     MTC denies the allegations contained within Paragraph 97 that pertain to MTC. MTC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 97 and, therefore, denies the same.

98.     MTC denies the allegations contained within Paragraph 98 that pertain to MTC. MTC is without sufficient information to admit or deny the remaining allegations contained in Paragraph 98 and, therefore, denies the same.

99.     In response to Paragraph 99, MTC acknowledges the relief being requested but deny Plaintiff's entitlement to same. MTC further denies that Plaintiff is entitled to punitive or compensatory damages, or attorneys' fees and costs.

## JURY DEMAND

100.    MTC acknowledges Plaintiff's request for a jury trial.

## GENERAL DENIAL

101.    With respect to any allegations contained in the Complaint which have not been specifically admitted herein, MTC hereby denies such allegations.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's claims for relief and all supporting allegations fail to state a claim upon which relief may be granted.

11

2.      Plaintiff's losses and damages, if any, were caused in whole or in part by his own conduct, acts, or omissions, or by those of a third party, for which MTC may not be held liable.

3.      Plaintiff's losses and damages, if any, were caused and were the result of independent, intervening or superseding cause for which MTC may not be held liable.

4.      Plaintiff's losses and damages, if any, were the result of unrelated, pre-existing, or subsequent conditions unrelated to MTC's conduct.

5.      To the extent that MTC is found to be negligent or otherwise at fault, which is specifically denied, then such negligence or fault must be compared to that of other Defendants, the Plaintiff's and others not party to this suit and Plaintiff's damages against MTC must be reduced to its appropriate percentage of fault.

6.      Plaintiff's claims are barred, in whole or in part, due to Plaintiff's failure to mitigate his alleged damages.

7.      To the extent Plaintiff has suffered damages, those damages were not proximately caused by MTC.

8.      At all applicable times, MTC complied with its obligations under law, and acted in good faith, with justification and in a reasonable manner.

9.      MTC did not violate any legal, statutory or common law duty owed to Plaintiff.

10.     Plaintiff's claims are barred because MTC is immune from suit.

11.     Plaintiff's claim for punitive damages are barred as a matter of law.

12.     The New Mexico Tort Claims Act caps Plaintiff's damages to a specified and limited sum.

13.     MTC states that it does not know which, if any, additional affirmative defenses may apply as MTC is without sufficient information to evaluate all possible defenses.  MTC has neither

12

knowingly nor intentionally waived any applicable affirmative defenses. If MTC later learns that additional affirmative defenses may apply, MTC will seek leave to amend this Answer to raise such other affirmative defenses. MTC specifically reserves the right to assert additional affirmative defenses as discovery progresses.

14.     Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to the three-year limitations period applicable to claims brought pursuant to 42 U.S.C. § 1983 and the applicable limitations periods governing Plaintiff's state law claims.

15.     Plaintiff's claims accrued, if at all, at the time of the alleged acts or omissions during Plaintiff's confinement at OCPF and not at the time of Plaintiff's death, and are therefore time-barred.

16.     To the extent Plaintiff asserts survival claims, any such claims are barred because the decedent's claims, if any, expired prior to his death and therefore did not survive as a matter of law.

17.     MTC cannot be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior for the alleged acts or omissions of its employees or agents.

18.     Plaintiff cannot establish liability against MTC under 42 U.S.C. § 1983 because no official policy, custom, or practice of MTC was the moving force behind any alleged constitutional violation.

WHEREFORE, having fully answered the Complaint, MTC respectfully requests that the Complaint be dismissed with prejudice, and for other such relief that the Court deems just and proper.

Respectfully submitted,

SUTIN, THAYER & BROWNE
A Professional Corporation

By: _____
　　Christina M. Gooch
　　Rebekah Taylor
　　*Attorneys for MTC Defendants*
6100 Uptown Blvd. N.E., Suite 400
P. O. Box 1945
Albuquerque, New Mexico 87103
(505) 883-2500
tmg@sutinfirm.com
rst@sutinfim.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 6, 2026 I filed the foregoing pleading electronically through the CM/ECF System, which caused counsel of record to be served by electronic means

By: _____
　　Christina Muscarella Gooch

7647689